Dear General Guste:
In your capacity as special counsel to the Housing Authority of New Orleans, you have requested the opinion of Attorney General Richard P. Ieyoub regarding whether housing authorities created in accordance with Act 275 of 1936 are exempt from the payment of state taxes, in accordance with that Act, as amended, which exemption was made statutory at R.S.40:505.
As noted in your letter, that provision, in pertinent part provides:
 "An authority is exempt from the payment of any taxes or fees to the state or any subdivision thereto".
We note the following statutory and constitutional provisions, which are also pertinent to your inquiry:
 "The sales and use taxes imposed by the state of Louisiana under R.S. 47:302 and R.S. 47:321 shall not apply to purchases where the purchases are greater than one hundred dollars by public housing authorities; however, such savings attributable to the taxes imposed by the aforementioned Sections shall be used by the public housing authorities for repairs, renovations, and maintenance of their physical facilities. [R.S. 47:305.35]
 "In addition to the homestead exemption . . . the following property and no other shall be exempt from ad valorem taxation:
* * *
 Public Lands; other public property used for public purposes." [La. Const. (1974) Art. VII, Sec. 21]
With regard to state sales and use taxes, your inquiry requires this office to construe and harmonize R.S. 40:505 and R.S. 47:305.35. In that endeavor, we are guided by the following rule of statutory construction: Laws on the same subject matter must be interpreted in reference to each other. La. C.C. Art. 13.
It is the opinion of this office that such entities are exempt from state sales and use taxes, but only on purchases in excess of $100.00. Although R.S. 40:505 provides an exemption from sales and use taxes without regard to the amount of the purchase, it is our opinion that R.S. 47:305.35 (enacted in 1981), as a later enactment, has impliedly modified the provisions of R.S. 40:505.
The issue of whether the property of housing authorities created in accordance with the Housing Authorities Law are exempt from state ad valorem taxes must be addressed in connection with an examination of La. Const. (1974) Art. VII, Sec. 21.
As you are no doubt aware, the Supreme Court, in State v. Housing Authority of New Orleans, 182 So. 725 (La. 1938), examined whether property acquired by the Housing Authority of New Orleans, which property was to be "leased to a class designated as persons of low income", was property subject to ad valorem taxation.
The court held that such property to be public property, and therefore exempt in accordance with La. Const. (1921) Art. 10, Sec. 4, which exempted "All public property" from ad valorem taxation. La. Const (1974) Art. VII. Sec. 21 contains a similar provision, quoted above.
In pertinent part, the Court stated:
 ". . . such property is for public use and is `public property', within the meaning of that term as used in the constitution."
In accordance with that decision, it is our opinion that the property of housing authorities organized under the Housing Authorities Law is exempt from ad valorem taxes.
It should be noted, and you are no doubt aware, that the state of Louisiana is not levying ad valorem taxes at this time.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 271n